IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES COPPEDGE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. Action No. 07-770-UNA |
| | ) |
| U.S. DISTRICT COURT CLERK, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM ORDER**

**I. BACKGROUND**

The petitioner, James Coppedge ("Coppedge"), filed this petition for a writ of mandamus[1] against the respondent, U.S. District Court Clerk ("Clerk")[2]. Coppedge did not pay the required filing fee, nor did he submit an application to proceed without prepayment of fees. Coppedge's *ex parte* writ of mandamus and inquiry seeks a writ of mandamus directing the Clerk to "enter judgment and/or execute compulsory order for the immediate payment of ten million directed to the City of Philadelphia." (D.I. 1.)

**II. DISCUSSION**

To be eligible for mandamus relief under 28 U.S.C. § 1361 a petitioner must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S.

---

[1] The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the united States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361.

[2] Peter Dalleo is the Clerk of Court for the U.S. District Court for the District of Delaware.

367, 380 (2004) (citation omitted). Next, the petitioner must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381 (citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

Coppedge has failed to demonstrate his entitlement to a writ of mandamus. To the extent that Coppedge asks this court to order the Clerk to enter judgment and /or execute a compulsory order for the immediate payment of ten million dollars to him by the City of Philadelphia, Coppedge has available to him other adequate means. Indeed, on October 30, 2007, he filed a lawsuit in this court against the City of Philadelphia, Civ. Action No. 07-684-***-MPT, which should determine whether he is entitled to recovery. To date, however, there has been no service, much less judgment entered against the City of Philadelphia.

To the extent that Coppedge asks this court to order the Clerk to enter judgment against the City of Philadelphia or execute a compulsory order for it to make immediate payment of ten million dollars, the court finds that Coppedge failed to demonstrate that his right to issuance of the writ is "is clear and indisputable." *Cheney,* 542 U.S. at 381 (citations omitted). As discussed above, Coppedge's lawsuit against the City of Philadelphia is in its very early stages, with no service having taken place, much less the entry of a court ruling that Coppedge is entitled to judgment against the City of Philadelphia.

Clearly, issuance of a writ is inappropriate under the circumstances. Coppedge has failed to establish any basis for mandamus relief and, therefore, his petition will be denied and dismissed.

## III. CONCLUSION

For the reasons set forth above, the petition for an *ex parte* writ of mandamus and inquiry is **denied** and **dismissed**.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Dec. 3, 2007
Wilmington, Delaware